MATTER OF TOM

In Deportation Proceedings

A-12642213

*Decided by Board September 14, 1966*

Application for classification as a refugee under the proviso to section 203(a) (7), Immigration and Nationality Act, as amended by P.L. 89-236, and for adjustment of status pursuant to section 245 of the Act, is denied since a record of permanent residence as a refugee under section 203(a)(7) can be created only in accordance with the procedures established for section 245 and respondent, who, upon a false claim to United States citizenship, entered this country without inspection, is statutorily ineligible for the benefits of section 245.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entered without inspection.

The respondent, a native and citizen of China, appeals from an order entered by the special inquiry officer on March 16, 1966 which directs his deportation to the Republic of China on a charge laid under section 241(a)(2) of the Immigration and Nationality Act (8 U.S.C. 1251 (a)(2)) as an alien who entered without inspection. The appeal is directed to a denial of the respondent's application for status as a permanent resident alien under the provisions of section 245 and 203(a)(7) of the Immigration and Nationality Act (8 U.S.C. 1255 and 1153(a)(7)). The respondent, a male alien, 32 years of age, last arrived in the United States at the port of San Francisco, California on November 4, 1951. He was admitted upon the false claim that he was a citizen of the United States. Deportability on the charge stated in the order to show cause is conceded.

The respondent's application for suspension of deportation was granted on October 14, 1961. Congress, however, took adverse action to the order and the proceedings were reopened to permit further application for discretionary relief. The respondent at the reopened hearing of March 16, 1966 applied for status as a permanent

798

resident alien and for his classification as a refugee pursuant to section 203(a)(7) of the Immigration and Nationality Act. The special inquiry officer denied the application on the ground that the respondent is not eligible for the discretionary relief he seeks.

Section 203(a)(7) of the Immigration and Nationality Act (8 U.S.C. 1153(a)(7)) provides in pertinent part that a 7th preference classification may be granted an alien found to be refugee from a communist controlled country if such aliens "have been continuously physically present in the United States for a period of at least two years prior to *application for adjustment of status* . . ." (Emphasis supplied). It is contemplated that such adjustment of status will be made under section 245 of the Immigration and Nationality Act. Senate Report No. 748, 89th Cong. 1st Sess. at page 22 (1965).) Section 245 of the Act precludes the adjustment of status of aliens who are not "inspected and admitted or paroled in the United States." It is clear, therefore, that an adjustment of status under section 203(a)(7) must be accomplished within the procedures of section 245 and it has been so held. *Tai Mui* (815729166) v. *Esperdy*, 66 Civ. 316 U.S.D.C. S.D., N.Y., May 4, 1966.

Counsel argues that there is nothing in section 203(a)(7) of the Act which requires the adjustment of a refugee's status pursuant to the provisions of section 245 of the Act. Counsel also argues that section 203(a)(7) makes no reference to the manner in which an eligible refugee alien entered the.United States. He maintains that the regulations[1] which implement the adjustment of a refugee alien's status creates additional substantive requirements for eligibility separate and apart from the requirements contained in section 203(a)(7) of the Act.

The argument of counsel is fully answered in the opinion of Judge Levet when he said in the *Tai Mui* case (*supra*) ". . . the Act requires that adjustment of status under section 203(a)(7) be accomplished within the procedures of section 245 . . . the disputed regulations are, in my opinion, valid . . . the inclusion of the words 'adjustment of status' in the proviso to section 203(a)(7) does no more than refer to the process of application; the presence of those words does not create any new substantive rights."

An appropriate order dismissing the appeal will be entered.

ORDER: It is directed that the appeal be and the same is hereby dismissed.

---

[1] 8 CFR 245.4 provides "the provisions of section 245 of the Act and this part shall govern the adjustment of status provided for in the proviso to section 203(a)(7)."